Thank you, your honors. Still Doug Keller. I'm here on behalf of Ms. Reyes this time. The district court in this case violated rule 32 when it failed to give defense counsel and Ms. Reyes notice that it was imposing a special condition to supervise release, the suspicionless condition. That's clear error under this court's 2004 decision and wise. The government argues that the Supreme Court's intervening decision in Curazeri overruled wise over a decade ago. And I think that's wrong. And I would first start by pointing this court to just the general high bar the government needs to meet to show that intervening from court decisions been overruled. It must the government must show the decisions are clearly inconsistent with each other. And this court has described that as a high bar. And I don't think they've at least eight times in the last decade. And more than that, at the end of the day, what Curazeri is really about is to switch in from advisory guidelines to mandatory guidelines. The court thought that was the difference that made a difference. But the switch from mandatory from advisory to mandatory guidelines just simply has nothing to do with special conditions of still exist. The guidelines switching status is just irrelevant to that due process concern. So I understand your argument, Curazeri, and I think it has some force to be well, back in the day when you were entitled to the guideline sentence, you deserve some advanced notice about an upward variance. But now that it but that's not really that really doesn't apply anymore. And it really doesn't carry over to the notion of whether or not a condition of special release is you've you're given notice of it. Is that fair? I think that's that's basically it. They're just two ships passing in the night. They just have nothing to do with each other. So I don't think it's very. Can I ask you to address because I don't think this is a wise I think the government agrees the work condition directly conflicts with with the oral pronouncement. But there's two others, or there's several others on the immigration law condition. Why isn't that covered by the standard condition that your client not violate any laws? As I recall, the mandatory condition is don't commit any federal or sorry, don't commit any crime. I don't necessarily think it includes Mexican immigration law. So this could be a civil violation of either United States or Mexican immigration law. Yes, that certainly happened. Okay. I'm just trying to understand on the on the 10 day notice. Isn't that sort of an administrative detail? Once you once you have to notify somebody of something, isn't the court entitled to put a short period of time in which you do it? Well, the court is certainly entitled to do that, but it has to announce it. Why does it conflict? Why does it conflict with the oral pronouncement? Isn't is it an implicit that you have to notify you're going to have to get this permission or notify somebody within some period of time after your job condition changes? It's not. I guess I have a few responses. One, I don't think it's implicit. In part, it's because this condition is sometimes imposed without that requirement. No one would think it was an absurdity to have the requirement of a 10 day notice. I don't think there's something to be said for just a very simple right line rule that the defendant and defense counsel should be able to take the court at its word at sentencing that here are the conditions supervision and you were to follow those. The idea that you can then later switch things up in the judgment and provide other features that you you might want to call administrative. It just to me, that's an incoherent rule that's going to be abused. And in fact, in this case, the government is suggesting that a forced medication condition or a condition that requires you to share. We can get the forced medication. That's very different here. The problem is the condition is that you notify somebody when something happens, right? Yes, your honor. Okay. So in the absence of within 10 days, would you be required to notify him the moment it happens? I'm sorry. Let me just take back what I just said. I don't think the court even that sentencing said that you have to provide notice, but maybe I'm confused about something. I don't recall the judge saying that, but maybe I'm wrong. I mean, the first principle here is that if you're going to impose conditions that appear in a JNC, it could then lead to someone being revoked. Everyone needs to be crystal clear about what they are, right? It helps everybody. Probation, the defendants, right? So the issue is notice. And I think you've just said a moment ago that PSR notice is fine if the district court then says, I adopt those. But in these two cases, the district court said, have you read them, but never said I adopt, correct? That's right, your honor. The difficulty with saying you didn't have notice here is what happens so often with supervised release conditions. It was the defense requested sentencing. I want him to go see his parents. And the defense said, we want counseling. So a lot of supervised release conditions are defense initiated, come up suddenly at sentencing, and then they show up in the JNC, even if they weren't crystal clearly announced. So my difficulty is this world of, you have to strike it if it doesn't conform. In other words, why aren't you saying, okay, go back, remand, and let's clear up if your client wants the medication order, if your client wants to go see his parents. I actually understand where your honor is coming from for that as a requested remedy, but that's just not what this court does. And I think it flows from the rule. Well, Ballesteros though, I mean, I'm interrupting just because time's so quick here, but Ballesteros, that panel, both of your parties cited, they did vacate remand and basically just say, let's get everyone on the same page. Let's make sure the defendant knows, probation knows, government knows. And why isn't that the appropriate thing to do? Well, in Ballesteros, the court struck a condition as substantively unreasonable, and that one was sent back for, I guess, further development. And then the standard conditions, the court said that you need to explain them. So I wouldn't, certainly wouldn't oppose that remedy in this case. I just frankly think the remedy that's more consistent with this court's published case law is that you're supposed to strike conditions that are announced because I agree with your honor that the purpose of the rule is notice, but at the end of the day, the rule also is you must announce conditions at sentencing. And if they're not announced, that means they're not imposed. So it's partly based on notice, but it's also partly based on this very sensible Bright Line rule rooted in the constitution and rule 43 that you're supposed to announce conditions during the sentencing hearing for all sorts of reasons, including notice, and also to give the parties an opportunity to discuss them and to debate them and to make objections if they're not. So I think in that way, this court is somewhat hamstrung by this court's published precedent, which I think makes a great deal of sense given the source of the error is that if a condition is not announced, it's as if it was never imposed, period. Can I go back to the job notification conditions just so that I have this straight? Was there any oral pronouncement about a requirement to notify people when you change jobs? No, that was in the written condition. Right, that was in the written conditions, but is that a standard condition? I think it is, yes. Just assume for a second that standard conditions are automatically imputed into the oral judgment. If it's a standard condition, then, and so it's as if the judge had said it, you must notify somebody when you change jobs. Do you then agree that saying within 10 days in the written judgment isn't a significant modification of the oral pronouncement? I agree with your statement that it's not a significant modification, but I also... So your argument is really based on the fact that he didn't announce it orally, the basic requirement of notifying when changing jobs. It's not about the 10 days, is it? No, but I can agree with you that it's not a significant modification, but disagree, that doesn't mean it doesn't matter. There is no exception to the bright line rule that you must announce the sentence. I think that's sort of the problem with the government's NAPI argument. Once you've done this route of, you can imply conditions, you can have administrative details, then sentencing just becomes the opening salvo and the conversational of the sentence ought to be, and then you have to wait for the judgment to come out. And then you learn that actually there are a whole bunch of administrative details about what was and was not imposed. And I don't think that's consistent with the constitution. And I just don't think that's a good administratable rule. I think you're going to end up with a lot of appeals where defendants are nitpicking about, well, he said 10 days, maybe that's administrative, but what if it's 20 days? What if it's a month? What if you have to give written notice? It seems like an inefficient use of everyone's time. If a judge wants to threaten someone with prison time, if they don't follow certain rules, he or she should have to clearly announce those rules at the sentencing hearing. I know you wanted to save some time and we took you over. So I'll give you a minute back at the end for rebuttal. Thank you, Your Honor. Mr. Chiu. Thank you, Your Honor. May it please the court, David Chiu for the government. This case has three main issues. First, there was no due process violation when the court imposed a suspicionless search condition without notice. Second- That's a pretty significant condition. And did they have any hint that that was in the offing, that something of that nature could be added to the sentence here? Did that come out of the blue? Did you ask for that? Your Honor, from the record below, it's not clear whether the government asked for it. It doesn't appear that way. I do agree that with respect to the notice of a suspicionless search condition, there was no notice of that. The PSR recommended, I believe, a search condition by a probation officer with reasonable suspicion. So with respect to the exact suspicion- So that's a big change. That's a big change from what he might have expected he was subject to. If Wise is still good law, then that's an error, isn't it? If Wise is still good law, yes, we would say that. But yes, that would be inherent. Okay. We're a mere three-judge panel. I can think of some ways to distinguish Pirozeri, if that's how you pronounce it, from Wise. It's in a very different context. Maybe an en banc court would read it as overruling it, but can the three of us really find that Wise was overruled? This court's applied Wise a number of times since the Supreme Court's decision. Your Honor, to that point, with respect to the standard under Miller, yes, a three-judge panel can find that a specific case has been effectively overruled by a Supreme Court precedent. So yes, this panel does- Of course we can. We all know that. That's not my question. Can we find that in this case? I know we have that power. Why? Given that the court has applied Wise multiple times, I mean, I've got a bunch of sites here, Cheryl and Miller and Gammy, I think, after Pirozeri. Sure. With respect to this exact issue, whether I definitely concede that this court has applied Wise after Pirozeri, but this court has not squarely addressed the issue of the effect of overruling. The issue made its way to the court once. This was in the case of Quinzon, but this court noted in a footnote that because the court was going to find that the defendant had adequate notice of the special condition, they weren't even going to address the issue of the effect of overruling. So this is really the first time- But since it is the first time, then let's look at the merits of it. If the theory of Pirozeri is that it makes no sense to insist on notice for departures when everyone knows you're going to do 3553 variances, which are even more unconstrained and multi-factor, you're ready to be able to talk about the general factors and how they affect the range of sentence that should be chosen. That's the theory of Pirozeri. How does that apply here where just like a lightning bolt out of the blue, it's, oh, you're subject to search by anyone, you know, any officer for any reason with no reasonable suspicion. No one has any idea that that's coming. Your Honor, there are two responses to that. The first is just straight up due process analysis. The starting point of any due process analysis is figuring out, is there a cognizable interest that's actually protected by due process? And in this particular case, you asked yourself, is there an expectation interest in receiving a sentence free from a special condition? And the answer to that is no. Wise says yes. And so I don't, how does Pirozeri say that there isn't even an interest in that particular, you know, notice? The reason why is because what Wise looks to, or I'm sorry, what Pirozeri looks to is the district court's discretion. For example, in Pirozeri, the Supreme Court said that because after Booker, the district court had wide discretion in imposing a sentence outside of the guideline range. At that point, a defendant no longer has an expectation interest of receiving. That's precisely the question Judge Collins is asking you. Before Booker, the defendant showed up for sentencing, he had an expectation of getting a guideline sentence. And Pirozeri said, well, we've done away with that. So you've got no expectation of a particular sentence. So you ought to show up being prepared to argue for or against any sentence in the range. But that's different in this circumstance where he has no opportunity to argue against this If you're thinking of imposing a condition that requires suspicionless searches, let me make an objection to it in advance. That's very different in terms of notice, isn't it? It is different, Your Honor. And just to address this point of sort of a difference between, you know, departures versus a sentencing condition. Again, this court's decision is, and Wise was wholly predicated on the Supreme Court's decision in Burns. It basically, what it did was, in Wise, this court just imported the rule from Burns into Wise. It basically analogized and said, look, we think that special conditions are similar to departure. So we're going to treat them the same. Mr. Chiu, just because your time is getting short. If we either conclude that we don't have the flexibility to deviate from Wise or we think Wise is saliatory and it wasn't overruled, would you agree this case powerfully presents to this court the imperative of notice for supervised release conditions? One is a suspicionless search for five years of supervised release. Another one is a requirement for actual ingestion of medications. And the third even is that a U.S. defendant could be revoked for failing to comply with foreign law. Those three conditions are quite remarkable. They suddenly appear in the J&C. We haven't talked about the latter. Are you aware of any case ever in the United States where a defendant is revoked and jailed because they didn't comply with foreign law? Your Honor, I'm not sure if I'm aware of a case where a violation of supervised release is revoked because of some sort of violation of a travel restriction. And to be perfectly clear, with respect to the language used in that travel restriction, they must comply with U.S. and Mexican immigration law. That is something that frequently appears, at least in the Southern District of California. Well, it may frequently appear. The question is not whether or not it's an illegal condition. The question is whether or not somebody ought to know about it before it's imposed. And you do agree that Mexican and United States immigration law is not necessarily criminal, right? That is correct. One can violate them. There can be civil offenses. That is correct. I'm interested in the question Judge Higginson's been asking implicitly throughout. Is the Ninth Circuit rule that mandatory conditions are implicit in the order or pronouncement, or is that just dictum? No, that is definitely the holding of Napier. The holding of Napier basically, I mean, It's definitely what Napier says. No one doubts what Napier says. The question is, is it dictum because that wasn't what was at issue in Napier? No, Your Honor. Again, the holding of the court basically, the holding of the court did not turn on the fact that the district court, I believe the district court referenced and summarized some of the standard conditions. I think that's what happened at the district court in Napier. But this court's holding did not turn on that fact. What the court's holding turned on was the idea of a district court, because of the mandatory and standard conditions are out there, that they're in the sentencing guidelines, and because it would be burdensome for the district court to sort of recite these boilerplate language, that this court held that an oral pronouncement impliedly contains the mandatory and standard conditions. And we've applied Napier since 2006, I think it was it, 2006. We've applied that to that circumstance in precedential opinions, have we not? That is correct. I mean, by my, I think we cite six or seven cases in our briefing, and there are many more. And so yes, in the 15 years that Napier has been decided, this court has cited to Napier for the very idea of mandatory and standard conditions being- Okay, now you have about 30 seconds left. We'll give you more time if judges have other questions. But like Judge Higginson, I'm very troubled by the sort of, you must take medication provision. How in the world is that implicit in the fact that you're going to get treatment? There are lots of treatment programs that don't require medication. I mean, he couldn't, if one of them ordered him to take medication, he couldn't switch to another one? Your Honor, just with respect to this point, I just want to touch on something Judge Higginson referenced, which is the sort of fluid nature of sentencing. And really what this issue is, is any sort of direct conflict between the oral pronouncement versus the written judgment. Now, it makes perfect sense that in the context of the sentencing hearing, the judge didn't rattle off sort of the regular features of the mental health treatment program, including the prescription drug medication condition. And the reason why is because, as Judge Higginson pointed out, it was something that was requested by defense counsel. The original condition was cognitive behavioral therapy. And I absolutely agree with Your Honor, Judge Hurwitz, that if suddenly there was an expansion from cognitive behavioral therapy, and then all of a sudden you say, and prescription medication, that doesn't quite make any sense because cognitive behavioral therapy doesn't have anything to do with medication. But in the instance where you have this conversation between the district court and defense counsel, where defense counsel says, well, you know, we want to broaden that condition and we want to include mental health treatment for the benefit of my client. And the district court heard that concern and said, you know what, I'll go with that. And so let's go with mental health treatment. And so you can understand why the district court... I'm fine with the mental health treatment. My question is the additional requirement that one would violate their supervised release if they didn't take prescribed medications. That's a fairly significant addition to the notion of just taking mental health treatment, isn't it? Your Honor, the government's position is that prescription medication is necessarily part of mental health treatment. It's part and parcel. Under a lot of psychiatrists who would disagree with you, aren't there many psychiatrists who provide mental health treatment and do not prescribe drugs? That's absolutely right. I didn't mean to suggest that mental health treatment always includes prescription drugs. That's not what I meant to suggest at all. What I meant to suggest was, or what I meant to say was, is that that is one of the tools in the toolkit in terms of mental health treatment. And just very briefly, Your Honor... Well, if Judge Hurwitz will let me, because you stated that the Ninth Circuit has repeatedly applied NAPIER in the context of standard. I want to be very clear. Can you tell me what published decision the Ninth Circuit has ever applied it to? A discretionary standard condition, not a mandatory one. Standards. Can you think of one? Off the top of my head, no. Let me just... Okay. Okay. That's fine. Because second question, if that's how you interpret the Ninth Circuit's law to be, has the Ninth Circuit ever said that it is acknowledging its laws in conflict with the Fourth, Fifth, and Seventh Circuits? I don't believe that there has been that acknowledgement. And would your position require you to say that Ballesteros was wrongly decided even though it's unpublished? I believe, like, slightly different issues. Ballesteros was a case where, in fact, in Ballesteros, the panel recognized that NAPIER was the rule. They basically said, look, under NAPIER, the mandatory and standard conditions are implicit. But right after that holding, right after they said that, they said, but we're going to remand to the district court to sort of say which standard conditions apply and why. And they made that requirement with no explanation. So that is what happened in Ballesteros. Yes. You're right. Thanks. Thank you, Mr. Chu. We took you over, but this was helpful to us. Mr. Keller, you're back up. We'll put up a minute for you. Thank you. Just a few points. To respond to Chickenson's question, this court has never applied NAPIER on a published decision. It's applied it in a few unpublished decisions over the last couple of years, come to conflicting results about what to do about standard conditions. But NAPIER is the only published decision this court has ever issued on this point. Does Ballesteros, even though it involves a remand, nonetheless restate the NAPIER rule? I think so. It's obviously a little different take on NAPIER. And so I think, frankly, it makes more sense just to say that the standard conditions certainly aren't always implied. But Ballesteros certainly provides a little bit of caveat to the court's rule in NAPIER. What should our rule be? I think the rule should just be that you have to announce the conditions at the sentencing hearing. And you don't have to tick through them one by one, but at least you have to somehow explicitly state, I'm applying the standard conditions, they will be in the judgment. And so that gives everyone an opportunity to understand what's happening. It'll also give the judge an opportunity to make sure that's what he or she wants to do. As I noted in my briefing, in a couple of these cases where this court has remanded to the same district court judge, in two of the cases, the judge looked at them and decided it didn't make sense to actually apply the standard conditions at all. I think judges at times have a tendency just to check the boxes. It makes sense they're busy. I think this sort of breaks them out of that a little bit and make sure they actually know what they're imposing. I know we're taking you over, but this is interesting to me. Let me push back on you a little bit on this. If we read NAPIER broadly, every defense lawyer knows that his client is all the standard conditions. And you can show up at sentencing and say, Your Honor, I've looked at standard conditions, and there's three we don't want to apply. So aren't you ineffectively unnoticed exactly the same way that if the judge said, I'm applying all the standard conditions? I think in theory, maybe, but that's not the way it would work in practice though, right, Your Honor? I mean, certainly lots of competent attorneys would know that and they would respond appropriately, but lots of people wouldn't know that. Well, so what happens under your rule where the judge says, All right, time for sentencing, I'm imposing all the standard conditions, and now let me move on to the special conditions? Are you on any more notice that you've got to say, Let me go through the list of standards, Your Honor, and tell me which ones I don't think are appropriate? I think you're certainly on more notice. And also to be fair, I think that would be the legally minimum required, but I do think it's good practice for judges to go through all of them, certainly some of them. I think part of the problem here is that the standard conditions sound really benign because they're just standard conditions, but when you actually go through them, a lot of them are pretty onerous and I think don't make a lot of sense in a lot of cases. Thank you. I understand. You've responded to me. My point, I guess, was this, if we apply the language in Napier, you have exactly the same amount of notice, maybe more, than if we require the judge to say at the beginning of the hearing, I impose all standard conditions. One way or another, you've got to show up at the sentencing prepared to object to a specific standard condition. But I also think the other side of the equation is not only do you want notice to defense attorneys and the prosecutor, but also to make sure the judge is actually thinking about what I'm doing here. And I think requiring them to look at that extra step, they might spend more time with the conditions and realize that some of them really don't make a lot of sense, certainly in the mine run case. I know I've gone over, if I could just make one more point, Your Honor. Judge Hurwitz, you had several questions about the conflict between the conditions. I would point, Your Honor, to this court's recent case in Rusnak. I cited it. It's a 2020 case. And in that case, the orally announced condition was a search condition. And then in the written judgment, the court added, I think what you would call or we would all call administrative details to that condition. And nevertheless, this court still held that what those administrative details were, because they weren't announced, needed to be struck. So I do think sort of setting aside what might make the most sense, I do think Rusnak controls here and sort of reaffirms the bright line rule that you must announce the conditions. If the court has no further questions, I'm happy to submit. I've got lots of further questions, but we have a long morning and you've just done double duty. So let me see if anybody else has any questions for you. If not, with thanks to both sides of this case for their arguments and briefing, we will submit it. Thank you, Your Honor.
judges: Higginson, Hurwitz, Collins